**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Melanie Kay Ladner, Debtor                    Case No. 25-51086-KMS
                                                      CHAPTER 13

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr., U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, on or before October 9, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on October 16, 2025, at 10:00 AM in the Dan M. Russell, Jr. U.S. Courthouse, Bankruptcy Courtroom, 7th Floor, 2012 15th Street, Gulfport, MS 39501, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: July 31, 2025                          /s/ Thomas C. Rollins, Jr.
                                             *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Melanie Kay Ladner** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 (Spouse, if filing) | | |
| | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: (If known) | | |

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance       12/17

## Part 1:  Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1   Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$447.23**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

       **Gulfside Casino Parternship**
       **PO Box 1600**
       **Gulfport MS 39502-0000**

APPENDIX D                                       Chapter 13 Plan                                       Page 1

25-51056-KMS Dkt 13 Filed 07/28/25 Entered 07/28/25 22:55:06 Page 3 of 12

Debtor **Melanie Kay Ladner** Case number

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3: Treatment of Secured Claims**

**3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** ☑ **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1** Mtg pmts to **Keesler FCU**
Beginning **August 2025** @ **$664.45** ☐ Plan ☑ Direct. Includes escrow ☑ Yes ☐ No

**-NONE-** Mtg arrears to _____ Through _____

**3.1(b)** ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-** address:
Mtg pmts to
Beginning month @ _____ Plan Direct. Includes escrow Yes No

Property **-NONE-** Mtg arrears to _____ Through _____

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-** Approx. amt. due: _____ Int. Rate*: _____
Property Address:
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____ **-NONE-** /month, beginning month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

**Mississippi Chapter 13 Plan** Page 2

Debtor **Melanie Kay Ladner** Case number

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
  *Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Keesler FCU | $7,518.00 | 2019 Toyota Camry XLE 102000 miles | $12,798.00 | $7,518.00 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

Debtor **Melanie Kay Ladner** Case number _____

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| **Absolute Resolutions** | **729 Parkway Dr Wiggins, MS 39577** | **$18,275.00** | $0.00 | Judgment Lien | **Stone County Circuit Court 2023-190** |
| **Discover Financial** | **729 Parkway Dr Wiggins, MS 39577** | **$3,947.00** | $0.00 | Judgment Lien | **Stone County Circuit Court 2023-00053** |
| **Jefferson Capital Syst** | **729 Parkway Dr Wiggins, MS 39577** | **$737.00** | $0.00 | Judgment Lien | **Stone County Justice Court BK3025PG1112** |
| **Lvnv Funding** | **729 Parkway Dr Wiggins, MS 39577** | **$3,892.00** | $0.00 | Judgment Lien | **Stone County Justice Court BK3025 Pg1117** |

*Insert additional claims as needed.*

**3.5** **Surrender of collateral.**

    *Check one.*
    ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

    ☑ No look fee: **4,600.00**

    Total attorney fee charged: $**4,600.00**

    Attorney fee previously paid: $**272.00**

    Attorney fee to be paid in plan per confirmation order: $**4,328.00**

    ☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

    *Check one.*
    ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
    ☐ Internal Revenue Service $0.00 .
    ☑ Mississippi Dept. of Revenue **$145.56** .
    ☐ Other _____ $0.00 .

**4.5** **Domestic support obligations.**

    ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Mississippi Chapter 13 Plan** Page 4

Debtor **Melanie Kay Ladner**     Case number _____

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of $
- ☑ **41.00** % of the total amount of these claims, an estimated payment of $ **39,675.07**
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**173.19**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

- ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

- ☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **\* % to unsecured claimholders shall be the minimum % to be paid to the unsecured class.**
 **\*\* amt to be determined by trustee from schedules A & B less hypothetical ch 7 liquidation costs**

 **Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**

### Part 9: Signatures:

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Melanie Kay Ladner**      X _____
**Melanie Kay Ladner**      Signature of Debtor 2
Signature of Debtor 1

Executed on **July 29, 2025**      Executed on _____

**729 Parkway Drive**
Address      Address
**Wiggins MS 39577-0000**
City, State, and Zip Code      City, State, and Zip Code

**Mississippi Chapter 13 Plan**      Page 5

| | | | |
|---|---|---|---|
| Debtor | **Melanie Kay Ladner** | Case number | |

Telephone Number                                          Telephone Number

X **/s/ Thomas C. Rollins, Jr.**                          Date **July 29, 2025**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**                                          **103469 MS**
Telephone Number                                          MS Bar Number
**trollins@therollinsfirm.com**
Email Address

**Mississippi Chapter 13 Plan**                                                  Page 6

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

    Case Trustee
    Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

Keesler Federal Credit Union
Attn: Melissa Martin
PO Box 7001
Biloxi, MS 39534

Jefferson Capital Systems, LLC
c/o Corporation Service Company
109 Executive Drive, Suite 3
Madison, MS 39110

Absolute Resolutions Corporation
c/o URS Agents Inc.
248 E. Capitol Street, Suite 840
Jackson, MS 39201

Resurgent Capital Services L.P.
c/o Corporation Service Company
109 Executive Drive, Suite 3
Madison, MS 39110

Discover Financial Services
c/o CEO/President
2500 Lake Cook Road
Riverwoods, IL 60015

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: July 31, 2025    /s/ Thomas C. Rollins, Jr.
                                      *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-51086-KMS |
|---|---|
| MELANIE KAY LADNER | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 7/31/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/31/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>MELANIE KAY LADNER | CASE NO: 25-51086-KMS<br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br>Chapter: 13 |

On 7/31/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/31/2025

*(signature)*

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| FIRST CLASS | FIRST CLASS | CERTIFIED 9589071052703094594766 |
|---|---|---|
| KEESLER FEDERAL CREDIT UNION<br>ATTN MELISSA MARTIN<br>PO BOX 7001<br>BILOXI MS 39534 | ABSOLUTE RESOLUTIONS CORPORATION<br>CO URS AGENTS INC<br>248 E CAPITOL STREET SUITE 840<br>JACKSON MS 39201 | DISCOVER FINANCIAL SERVICES<br>CO CEOPRESIDENT<br>2500 LAKE COOK ROAD<br>RIVERWOODS IL 60015 |

| FIRST CLASS | FIRST CLASS | CASE INFO |
|---|---|---|
| JEFFERSON CAPITAL SYSTEMS LLC<br>CO CORPORATION SERVICE COMPANY<br>109 EXECUTIVE DRIVE SUITE 3<br>MADISON MS 39110 | RESURGENT CAPITAL SERVICES LP<br>CO CORPORATION SERVICE COMPANY<br>109 EXECUTIVE DRIVE SUITE 3<br>MADISON MS 39110 | LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-51086-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>THU JUL 31 7-17-39 PST 2025 |

| ~~EXCLUDE~~ | | |
|---|---|---|
| ~~US BANKRUPTCY COURT~~<br>~~DAN M RUSSELL JR US COURTHOUSE~~<br>~~2012 15TH STREET SUITE 244~~<br>~~GULFPORT MS 39501 2036~~ | (P)ABSOLUTE RESOLUTIONS CORPORATION<br>8000 NORMAN CENTER DRIVE SUITE 350<br>BLOOMINGTON MN 55437-1118 | CAVALRY PORTFOLIO SERV<br>ATTN BANKRUPTCY<br>1 AMERICAN LANE<br>STE 220<br>GREENWICH CT 06831-2563 |

| COUNTRY DOOR<br>1112 7TH AVE<br>MONROE WI 53566-1364 | CREDIT COLLECTION SERV<br>ATTN BANKRUPTCY<br>725 CANTON ST<br>NORWOOD MA 02062-2679 | DISCOVER FINANCIAL<br>ATTN BANKRUPTCY<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
|---|---|---|

| GULFPORT MEMORIAL HOSP<br>PO BOX 15579<br>HATTIESBURG MS 39404-5579 | HENLEY LOTTERHOS HE<br>1910 LAKELAND DR<br>D<br>JACKSON MS 39216-5029 | JACOB LAW GROUP<br>2623 WEST OXFORD LOOP<br>OXFORD MS 38655-5442 |
|---|---|---|

| JEFFERSON CAPITAL SYST<br>ATTN BANKRUPTCY<br>200 14TH AVE E<br>SARTEKK MN 56377-4500 | KEESLER FCU<br>ATTN BANKRUPTCY<br>PO BOX 7001<br>BILOXI MS 39534-7001 | KEESLER FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY<br>PO BOX 7001<br>BILOXI MS 39534-7001 |
|---|---|---|

| KEITH AIKEN<br>PO BOX 772719<br>MEMPHIS TN 38177-2719 | KOHLS<br>ATTN CREDIT ADMIN<br>PO BOX 3043<br>MILWAUKEE WI 53201-3043 | LVNV FUNDING<br>ATTN BANKRUPTCY<br>PO BOX 10497<br>GREENVILLE SC 29603-0497 |
|---|---|---|

| MS DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON MS 39225-2808 | MERRICK BANK CORP<br>PO BOX 9201<br>OLD BETHPAGE NY 11804-9001 | MIDLAND CREDIT MGMT<br>ATTN BANKRUPTCY<br>PO BOX 939069<br>SAN DIEGO CA 92193-9069 |
|---|---|---|

| (P)NATHAN NATHAN P C<br>ATTN JOHN NATHAN<br>PO BOX 1715<br>BIRMINGHAM AL 35201-1715 | (P)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | RESURGENT CAPITAL SERV<br>P O BOX 10497<br>GREENVILLE SC 29603-0497 |
|---|---|---|

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

```
SINGING RIVER HOSPITAL            SYNCHRONY BANK                    THE SWISS COLONY
P O BOX 660940                    ATTN BANKRUPTCY                   ATTNBANKRUPTCY
DALLAS   TX 75266-0940            PO BOX 965060                     1112 SEVENTH AVE
                                  ORLANDO   FL 32896-5060           MONROE   WI 53566-1364


                                  EXCLUDE
UNITED COLLECTION BURE            UNITED STATES TRUSTEE             WELLS FARGO
PO BOX 140190                     501 EAST COURT STREET             P O BOX 71118
TOLEDO   OH 43614-0190            SUITE 6-430                       CHARLOTTE   NC 28272-1118
                                  JACKSON   MS 39201-5022


DEBTOR                            EXCLUDE                           EXCLUDE
MELANIE KAY LADNER                THOMAS CARL ROLLINS JR            (P)WARREN A  CUNTZ  II JR
729 PARKWAY DRIVE                 THE ROLLINS LAW FIRM  PLLC        PO BOX 3749
WIGGINS   MS 39577-8711           PO BOX 13767                      GULFPORT MS 39505-3749
                                  JACKSON   MS 39236-3767
```