# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    **Melanie Kay Ladner, Debtor**          **Case No. 25-51086-KMS**
                                                    **CHAPTER 13**

## <u>NOTICE</u>

Debtor has filed papers with the court to Modify their Chapter 13 Bankruptcy Plan. **<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**
If you do not want the court to Modify the plan, or if you want the court to consider your views on the Plan, then on or before 30 days, you or your attorney must:
File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date state above.
You must also mail a copy to the debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Plan and may enter an order granting that relief, which shall confirm this Modified Plan.

Date: August 28, 2025     Signature:    <u>/s/ Thomas C. Rollins, Jr.</u>
                                               Thomas C. Rollins, Jr. (MSBN 103469)
                                             Jennifer Ann Curry Calvillo (MSBN 104367)
                                             The Rollins Law Firm, PLLC
                                             P.O. Box 13767
                                             Jackson, MS 39236

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Melanie Kay Ladner** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **25-51086** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

**2.2, 3.2**

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

---

## Part 1:   Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1   Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$482.23**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Gulfside Casino Parternship**
**PO Box 1600**
**Gulfport MS 39502-0000**

Debtor  **Melanie Kay Ladner**                                    Case number  **25-51086**

Joint Debtor shall pay _____ ([ ] monthly, [ ] semi-monthly, [ ] weekly, or [ ] bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3     Income tax returns/refunds.**

*Check all that apply*

[✔]     Debtor(s) will retain any exempt income tax refunds received during the plan term.

[ ]     Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

[ ]     Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**

*Check one.*

[✔]     **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1     Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

[ ]     **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**     **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
[✔]     1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**         Mtg pmts to     **Keesler FCU**

Beginning   **August 2025** _____     @     _____ **$664.45**  [ ] Plan   [✔] Direct.     Includes escrow [✔] Yes [ ] No

**-NONE-**     Mtg arrears to _____     Through _____     _____

**3.1(b)** [ ]     **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property     **-NONE-**
address:     _____

Mtg pmts to _____

Beginning   month _____     @     _____     Plan     Direct.     Includes escrow Yes No

Property **-NONE-**   Mtg arrears to _____     Through _____     _____

**3.1(c)** [ ]     **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:   **-NONE-** _____     Approx. amt. due: _____     Int.
Rate*: _____

Property Address: _____

Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____     **-NONE-** /month, beginning     month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

| Debtor | **Melanie Kay Ladner** | Case number | **25-51086** |
|--------|------------------------|-------------|--------------|

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2     Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

☐      **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
        ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑      Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

        The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|------------------|---------------------------------------------|------------|---------------------|-------------------------|----------------|
| **Keesler FCU** | $8,197.86 | **2019 Toyota Camry XLE cross-collateralized loan** | **$5,785.86 remaining value** | **$5,785.86** | **10.00%** |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|------------------|---------------------------------------------|------------|---------------------|-------------------------|----------------|
| **Keesler FCU** | $7,012.14 | **2019 Toyota Camry XLE 102000 miles** | $12,798.00 | $7,012.14 | **10.00%** |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|------------------|------------|------------------|-----------|
| -NONE- | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3     Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑      **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4     Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☐      **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
        ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

| Debtor | **Melanie Kay Ladner** | | | Case number | **25-51086** |

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| **Absolute Resolutions** | **729 Parkway Dr Wiggins, MS 39577** | **$18,479.74** | $0.00 | Judgment Lien | **Stone County Circuit Court 2023-190** |
| **Discover Financial** | **729 Parkway Dr Wiggins, MS 39577** | **$3,947.06** | $0.00 | Judgment Lien | **Stone County Circuit Court 2023-00052** |
| **Jefferson Capital Syst** | **729 Parkway Dr Wiggins, MS 39577** | **$737.00** | $0.00 | Judgment Lien | **Stone County Justice Court BK3025PG1112** |
| **Lvnv Funding** | **729 Parkway Dr Wiggins, MS 39577** | **$3,892.22** | $0.00 | Judgment Lien | **Stone County Justice Court BK3025 Pg1117** |

*Insert additional claims as needed.*

**3.5**      **Surrender of collateral.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1**      **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**      **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**      **Attorney's fees.**

☑ No look fee:    **4,600.00**

Total attorney fee charged:    $**4,600.00**

Attorney fee previously paid:    $**272.00**

Attorney fee to be paid in plan per confirmation order:    $**4,328.00**

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐    Internal Revenue Service    **$0.00**    .

| Debtor | Melanie Kay Ladner | Case number | 25-51086 |
|---|---|---|---|

- ☑ Mississippi Dept. of Revenue   $136.60   .
- ☐ Other   $0.00   .

**4.5    Domestic support obligations.**

☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of $
- ☑ __43.00__ % of the total amount of these claims, an estimated payment of $__37,750.65__
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**447.48**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:    Vesting of Property of the Estate**

**7.1    Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:    Nonstandard Plan Provisions**

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
**\* % to unsecured claimholders shall be the minimum % to be paid to the unsecured class.**
**\*\* amt to be determined by trustee from schedules A & B less hypothetical ch 7 liquidation costs**

**Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**

**Part 9:    Signatures:**

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Melanie Kay Ladner**                      X   _____
   **Melanie Kay Ladner**                                Signature of Debtor 2

Debtor      **Melanie Kay Ladner**                                    Case number      **25-51086**

Signature of Debtor 1

Executed on      **August 26, 2025**                          Executed on _____

**729 Parkway Drive**                                            _____
Address                                                          Address
**Wiggins MS 39577-0000**                                        _____
City, State, and Zip Code                                        City, State, and Zip Code

_____                                          _____
Telephone Number                                                 Telephone Number

X  **/s/ Thomas C. Rollins, Jr.**                     Date   **August 26, 2025**
   **Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**                                          **103469 MS**
Telephone Number                                          MS Bar Number
**trollins@therollinsfirm.com**
Email Address

**Mississippi Chapter 13 Plan**                          Page 6

<u>CERTIFICATE OF SERVICE</u>

      I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Modified Plan was forwarded on August 28, 2025, to:


By Electronic CM/ECF Notice:

      Standing Chapter 13 Case Trustee

      U.S. Trustee


                     /s/ Thomas C. Rollins, Jr.
                     Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

MELANIE KAY LADNER

CASE NO: 25-51086

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 8/28/2025, I did cause a copy of the following documents, described below,

Notice and Modified Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/28/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

MELANIE KAY LADNER

CASE NO: 25-51086

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 8/28/2025, a copy of the following documents, described below,

Notice and Modified Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/28/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-51086
SOUTHERN DISTRICT OF MISSISSIPPI
THU AUG 28 11-40-39 PST 2025

EXCLUDE
US BANKRUPTCY COURT
DAN M RUSSELL  JR US COURTHOUSE
2012 15TH STREET  SUITE 244
GULFPORT  MS 39501-2036

(P)ABSOLUTE RESOLUTIONS CORPORATION
8000 NORMAN CENTER DRIVE SUITE 350
BLOOMINGTON MN 55437-1118

EXCLUDE
(D)(P)ABSOLUTE RESOLUTIONS CORPORATION
8000 NORMAN CENTER DRIVE SUITE 350
BLOOMINGTON MN 55437-1118

CAPITAL ONE  NA  SUCCESSOR BY MERGER TO
DI
BANK  DISCOVER  A DIVISION OF CAPITAL
ONE  NA
PO BOX 3025
NEW ALBANY OH 43054-3025

CAVALRY PORTFOLIO SERV
ATTN BANKRUPTCY
1 AMERICAN LANE
STE 220
GREENWICH  CT 06831-2563

COUNTRY DOOR
1112 7TH AVE
MONROE  WI 53566-1364

CREDIT COLLECTION SERV
ATTN BANKRUPTCY
725 CANTON ST
NORWOOD  MA 02062-2679

DISCOVER FINANCIAL
ATTN BANKRUPTCY
PO BOX 3025
NEW ALBANY  OH 43054-3025

GULFPORT MEMORIAL HOSP
PO BOX 15579
HATTIESBURG  MS 39404-5579

HENLEY  LOTTERHOS  HE
1910 LAKELAND DR
D
JACKSON  MS 39216-5029

JACOB LAW GROUP
2623 WEST OXFORD LOOP
OXFORD  MS 38655-5442

JEFFERSON CAPITAL SYST
ATTN BANKRUPTCY
200 14TH AVE E
SARTEKK  MN 56377-4500

KEESLER FCU
ATTN BANKRUPTCY
PO BOX 7001
BILOXI  MS 39534-7001

KEESLER FEDERAL CREDIT UNION
ATTN BANKRUPTCY
PO BOX 7001
BILOXI  MS 39534-7001

KEITH AIKEN
PO BOX 772719
MEMPHIS  TN 38177-2719

KOHLS
ATTN CREDIT ADMIN
PO BOX 3043
MILWAUKEE  WI 53201-3043

LVNV FUNDING  LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE  SC 29603-0587

LVNV FUNDING
ATTN BANKRUPTCY
PO BOX 10497
GREENVILLE  SC 29603-0497

MS DEPT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON  MS 39225-2808

MERRICK BANK CORP
PO BOX 9201
OLD BETHPAGE  NY 11804-9001

MIDLAND CREDIT MGMT
ATTN BANKRUPTCY
PO BOX 939069
SAN DIEGO  CA 92193-9069

MISSISSIPPI DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P O BOX 22808
JACKSON  MS 39225-2808

(P)NATHAN  NATHAN  P C
ATTN JOHN NATHAN
PO BOX 1715
BIRMINGHAM AL 35201-1715

(P)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

RESURGENT CAPITAL SERV
P O BOX 10497
GREENVILLE  SC 29603-0497

SINGING RIVER HOSPITAL
P O BOX 660940
DALLAS  TX 75266-0940

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.


SYNCHRONY BANK
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO  FL 32896-5060

THE SWISS COLONY
ATTNBANKRUPTCY
1112 SEVENTH AVE
MONROE  WI 53566-1364

UNITED COLLECTION BURE
PO BOX 140190
TOLEDO  OH 43614-0190


EXCLUDE
UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

WELLS FARGO
P O BOX 71118
CHARLOTTE  NC 28272-1118

DEBTOR
MELANIE KAY LADNER
729 PARKWAY DRIVE
WIGGINS  MS 39577-8711


EXCLUDE
THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767

EXCLUDE
(P)WARREN A CUNTZ  JR JR
PO BOX 3749
GULFPORT MS 39505-3749